IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

AT NASHVILLE

| | |
|---|---|
| KENNETH W. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | File No. 3: 10-0141 |
| vs. ) | |
| ) | Judge Nixon |
| CITY OF CLARKSVILLE, ) | Magistrate Judge Griffin |
| ) | |
| Defendant. ) | JURY DEMAND |

## INITIAL CASE MANAGEMENT PLAN AND ORDER

Pursuant to Rule 11(d)(2) of the Local Rules of Court, the parties submit the following Case Management Plan and Proposed Order.

### 1. JURISDICTION.

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1391. Jurisdiction is not disputed.

### 2. STATUS OF SERVICE OF PROCESS.

The Plaintiff's original Complaint was filed on or about February 11, 2010, in this Honorable Court. The Defendant, CITY OF CLARKSVILLE was served with process February 16, 2010.

### 3. STATUS OF RESPONSIVE PLEADINGS.

The Defendant filed an Answer on March 10, 2010.

## 4. LIMITATIONS ON DISCOVERY.

**a. Staging and Timing.** The parties propose the following schedule for discovery;

(1) Initial Disclosures: Pursuant to Fed. R. Civ.P.26(a)(1), all parties must make their initial disclosures within 30 days after the initial case management conference and shall be due on **April 22, 2010**;

(2) Discovery is to begin after the initial conference of March 22, 2010. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a conference telephone call.

(3) All written discovery shall be served no later than **July 15, 2010**.

(4) Motions to Amend Pleadings shall be filed by **October 15, 2010**.

(5) All depositions of fact witnesses shall be completed by **December 15, 2010**.

(6) All Discovery Motions to be filed one week after the completion of discovery shall be filed by **December 22, 2010**.

(7) Expert Disclosures shall be in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. The Plaintiff shall disclose any experts by **November 1, 2010**. The Defendant shall disclose any experts by **December 15, 2010**. Expert depositions shall be concluded by **February 1, 2011**.

Dispositive Motions: Following the discovery cutoff, the parties anticipate that they will require approximately 45 days to submit any dispositive motions. Dispositive motions shall be filed no later than **March 15, 2011**. Responses to dispositive motions shall be filed no later than **April 15, 2011**. Replies shall be filed no later than **April 29, 2011**.

## 5. TARGET TRIAL DATE AND PROJECTED LENGTH OF TRIAL.

A trial is scheduled on Tuesday, August 2, 201, at 9:00 a.m. The parties estimate a trial length of 3 – 4 days.

## 6. SETTLEMENT.

### a. The Prospects For Settlement.

The parties have not had the opportunity to discuss settlement at this point in the case.

### b. The need for and timing of alternative dispute resolution techniques.

The parties will confer regarding whether alternative dispute resolution techniques are appropriate.

## 7. THE NEED FOR ADOPTING SPECIAL PROCEDURES DUE TO THE COMPLEXITY OF THE ISSUES, MULTIPLE PARTIES, DIFFICULT DISPOSITIVE ISSUES, OR UNUSUAL PROOF PROBLEMS.

The parties do not anticipate the need for any special procedures at this time.

## 8. FORMULATION AND SIMPLIFICATION OF ISSUES AND EACH PARTY'S THEORY OF THE CASE.

### a. Plaintiff's Theory of the Case.

The Plaintiff, KENNETH MOORE, is an Caucasian who was employed by the City of Clarksville as a police officer from March 5, 1989 through July 21, 2008. His Wife, Patty Morris Moore, was similarly a police officer employed by the City of Clarksville

The Plaintiff was concerned about potential retaliation against him after his Wife filed formal charge of discrimination and discrimination lawsuit against the City of Clarksville. The Plaintiff took some photographs of police vehicles utilized to attend a City Council meeting, on June 26, 2008, which the Defendant deemed to be in violation of a

memo issued by the Police Chief in April 2008, concerning personal use of a city vehicle.

The following day the Plaintiff was called in by the Deputy Chief and the Chief of Police and questioned about him taking the photographs. The Plaintiff explained that he took the photographs because he deemed the use of the patrol vehicles to be in violation of the Memo. The Chief advised him that the Plaintiff was conducting his own investigation.

The Plaintiff had been employed with the Defendant for nineteen years without incident, until his Wife filed suit against the Defendant and he then was targeted and treated differently than other officers.

Shortly thereafter the Plaintiff was wrongfully terminated on July 21, 2008, which was done due to his Wife's protected activity and filing suit against the City.

The Defendant has a pattern and practice of discriminating and retaliating against officers, such as the Plaintiff herein, for their associations with others who have filed charges and complaints of discrimination against them.

The above activities were done under color of State law, and were the custom, policy and practice of the CPD to retaliate against any Clarksville Police Department employee who disagreed with departmental policies of the City of Clarksville relative to discrimination.

The City of Clarksville is liable for the discriminatory actions of the CPD.

This conduct by the defendant constitutes a violation of the Civil Rights Act of 1964, 42 U.S.C. § 1983, retaliatory harassment and discharge, hostile work environment, disparate treatment and disparate impact.

### b. Defendant's' Theory of the Case.

Plaintiff, KENNETH MOORE, was an employee of the City of Clarksville with certain duties and obligations as a Police Officer. His execution of those duties is required to be

performed within acceptable standards and following all departmental policies. His work in this position would be subject to the oversight of the other employees and supervisors of the department, including his actual performance of duties called for within the authority and direction of the department, official directives, and other parameters established by the City of Clarksville Police Department or the City of Clarksville applicable to his job.

Commensurate with his duties and obligations of his position as an employee of the City of Clarksville, KENNETH MOORE is required to report to and is subject to review of his conduct in the execution and implementation of all duties associated with his job, and by its very nature would include any evaluations of job performance and require said performance to be subjected to supervisory review and when required investigation into the quality and quantity and execution of his performance of said duties, including comments of disapproval, reprimand, discipline, or termination, re-training, or other directives where necessary.

No conduct on the part of any person employed by, or as a representative of, the City of Clarksville, in its interaction with KENNETH MOORE herein constituted action taken in any respect toward or against KENNETH MOORE based upon retaliation against him. None of the alleged conduct in the Complaint of KENNETH MOORE was damaging to him. None of the alleged conduct in the Complaint of KENNETH MOORE was damaging to his employment with the City of Clarksville.

At all times and in all cases here, in regard to the alleged conduct of the Defendant, KENNETH MOORE was properly supervised and evaluated for any promotion, demotion, transfer, re-training, discipline, or termination, and all such was conducted absent any motive for or in retaliation.

KENNETH MOORE has failed to exhaust his administrative remedies as to all or part of his claim by failing to file a complaint with the Equal Employment Opportunity Commission and obtain a "right to sue" as required by statute and to that extent his claim is barred.

KENNETH MOORE has failed to timely file all or part of his claim as required by statute and to that extent his claim is barred.

### c. Identity, Number and Names of Potential Witnesses.

To be disclosed in the Initial Disclosures.

1. Expert Witnesses: The parties to disclose the utilization of any experts in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. The Plaintiff will disclose his expert witnesses by **November 1, 2010**. The Defendant will disclose its expert witnesses by **December 15, 2010**.

2. Expert Discovery Deadline: The deadline for expert depositions is **February 1, 2011**.

### d. Comparative Negligence Entities. Not applicable.

### e. Admissions of Fact and Stipulations of Authenticity.
The parties anticipate stipulating to the authenticity of certain relevant documents, but reserve the right to require proof of authenticity.

### f. Need for Additional Parties or Claims.
The parties do not otherwise anticipate joining any additional parties or claims. The deadline for moving to join parties or to add claims is **October 15, 2010**.

**g. Identification of Dispositive Legal Issues in any Significant Pre-Trial Motions.** All potentially dispositive motions shall be filed no later than **March 15, 2011.**

**h. Need for and Timing of Filing Pre-Trial Motions.** The parties anticipate a motion for summary judgment and relevant motions in limine. It is too early to anticipate whether other potential motions will be necessary.

**i. Scheduling of any other Events.** None are foreseen at this time.

**j. Scheduling Additional Case Management Conferences.** The parties do not anticipate a need for additional case management conferences.

**k. Consent to Trial or Other Proceedings Before a Magistrate Judge.** The parties will confer to discuss the possibility of proceeding before the Magistrate Judge. The parties, however, are not at this time in agreement to proceed before the Magistrate Judge.

**l. Other Matters to Speed Resolution of this Action.** The parties do not propose any particular steps, other than those stated above, to speed the disposition of this case. The parties anticipate working together to resolve this case as quickly as possible.

**DATED** this _____ day of March, 2010.

**IT IS SO ORDERED.**

_____

/s/ Robert J. Martin
Robert J. Martin, BPR # 14641
529 Franklin Street
Clarksville, TN 37040
(931) 645-0203
(931) 645-5650 FAX


**Counsel for the Defendants:**


/s/ W. Timothy Harvey
W. Timothy Harvey, BPR# 010469
HARVEY & SILVUS
310 Franklin Street
Clarksville, TN 37040
(931) 552-0549
(931) 552-0559 FAX