IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH W. MOORE )
) No. 3-10-0141
v. )
)
CITY OF CLARKSVILLE )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' initial case management order, with modifications addressed at the initial case management conference held on March 22, 2010. Those modifications and other matters addressed on March 22, 2010, are as follows:

1. All motions to amend the pleadings, including motions to join parties and to add additional claims, shall be filed by October 15, 2010.

2. Any discovery motion relating to fact discovery shall be filed by December 22, 2010.

3. Counsel for the parties were directed to review Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007, and to file, by April 5, 2010, an agreed order providing that they will be governed by Administrative Order No. 174, or that they will be exempted from the provisions of Administrative Order No. 174, and/or that they will be governed by any alternative provisions relating to e-discovery.[1] If the parties are not able to enter into such an agreed order, they shall file a joint statement setting out their respective positions on how discovery of electronically stored information should be handled.

As provided in the contemporaneously entered order, the deadline for filing any dispositive motions is March 15, 2011. Any response shall be filed within 31 days of the filing of the motion or by April 15, 2011, if the motion is filed on March 15, 2011. Any reply, if necessary, shall be filed

---

[1] The parties have not yet made any such filing.

within 14 days of the filing of the response or by April 29, 2011, if the response is filed on April 15, 2011.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the December 15, 2010, deadline for completion of fact discovery or the February 1, 2011, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Nixon's office, the jury trial is scheduled to begin on **Tuesday, August 16, 2011, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties anticipate that the trial will last 3-4 days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by 12:00 noon on Friday, August 12, 2011, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors. The pretrial conference is also scheduled before Judge Nixon, on **Friday, August 5, 2011, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By July 8, 2011, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By July 18, 2011, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by July 29, 2011.

By July 29, 2011, the parties shall also:

1. Submit a proposed joint pretrial order;[2]
2. Exchange their final lists of witnesses and exhibits;
3. File their respective final witness and exhibit lists;
4. File a listing of all agreed stipulations; and
5. File proposed jury instructions, any special interrogatories, and any special verdict forms.

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[2] The pretrial order shall contain (1) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings; (2) a short summary of the plaintiff's theory (no more than one page); (3) a short summary of the defendant's theory (no more than one page); (4) the issues to be submitted to the Court and the jury; (5) any anticipated evidentiary issues; and (6) a statement that the parties have complied with the provisions of this order.

3