## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **KENNETH W. MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:10-00141 |
| | ) Judge Sharp |
| **CITY OF CLARKSVILLE,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Pursuant to the discussions at the final pre-trial conference held on August 5, 2011, the Court confirms the following rulings:

**A. Plaintiff's Motions**

(1) Plaintiff's Motion *in Limine* No. 1 to prevent Defendant from eliciting evidence that any judgment against the Defendant would be a judgment against the citizens and/or taxpayers of Tennessee (Docket No. 60) is hereby GRANTED.

(2) Plaintiff's Motion *in Limine* No. 2 to prohibit Defendant from eliciting testimony about Plaintiff being sued as a Defendant on a discrimination matter regarding Heilig-Myers (Docket No. 61) is hereby GRANTED. However, if Plaintiff opens the door, or this issue somehow becomes relevant, the Court will revisit the issue.

(3) Plaintiff's Motion *in Limine* No. 3 to prohibit Defendant from eliciting testimony that Plaintiff's wife was terminated for allegedly lying (Docket No. 62) is hereby GRANTED. However, the parties are directed to attempt to formulate a balanced instruction or stipulation which adequately apprises the jury about the Plaintiff's wife's termination.

1

(4) Plaintiff's Motion *in Limine* No. 4 to prohibit Defendant from eliciting testimony that Plaintiff's counsel had a conflict with Council Member Jim Doyle (Docket No. 63) is hereby GRANTED.

(5) A ruling on Plaintiff's Motion to Deem Documents As Business Records (Docket No. 84) is hereby RESERVED in light of the parties' obligation to attempt to enter into an agreement as to the authenticity and/or admissibility of exhibits as explained in Section C(2) below.

B. **Defendant's Motions**

(1) Defendant's Motion *in Limine* requesting that Plaintiff be limited in offering proof regarding prior conduct of members of the Clarksville Police Department (Docket No. 64) is hereby GRANTED IN PART and DENIED IN PART as follows:

   A. Doctor's appointment: GRANTED;

   B. Grievance concerning Eddie Chancellor: GRANTED;

   C. Changing schedule for overtime activities: GRANTED;

   D. Plaintiff's allegation that someone was following him: DENIED. However, Plaintiff will not be allowed to introduce documents supporting this allegation if those documents have been requested by Defendant in discovery, and have not been previously produced;

   E. Improper breaks by other officers: GRANTED;

   F. Subway call by Mike Caver: DENIED;

   G. Alleged "hit list": DENIED; and

   H. Allegations police department does not socialize with Plaintiff: GRANTED.

Further, with regard to the foregoing topics which relate to Plaintiff's state of mind (such as the alleged following and the alleged hit list), the parties are instructed to attempt to formulate a

2

limiting instruction which would inform the jury that the purpose of the evidence is to show Plaintiff's state of mind.

(2) Defendant's Motion *in Limine* regarding proof about whether Bert Clinard, Tim Saunders, Christopher MacMillian, Ivan Sczerbiak, Jeff Denault, James Moore, and Alan Altman are similarly situated (Docket No. 66) is hereby DENIED.

**C. Other Rulings**

(1) The parties shall resubmit submit proposed instructions which indicate on the bottom whether the instruction is agreed to, or disagreed with, and cite authority for the legal proposition contained in the instruction.

(2) The parties shall exchange the actual exhibits that they anticipate using at trial. After that exchange, the parties shall submit a chart listing the exhibits and designating for each exhibit whether the parties agree as to the authenticity and/or admissibility of that exhibit. The parties should endeavor to submit the chart to the Court a week before trial, along with a statement as to the basis for any objection.

(3) The parties shall file trial briefs, preferably at least a week before trial.

(4) Exhibits shall be pre-marked, but unnumbered.

(5) The Court will seat an eight-person jury and the trial will begin at 9:00 a.m. on August 16, 2011.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE